UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY STAR, <br><br> Plaintiff, <br><br> v. <br><br> 24 HOUR FITNESS USA, INC., <br><br> Defendant. | Civil No.14-CV-550 H (NLS) <br><br> **REPORT AND RECOMMENDATION FOR ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND IMPOSING SANCTIONS** |

An Early Neutral Evaluation Conference was scheduled on July 10, 2014, at 2:30 p.m. in this matter. (Dkt. Nos. 10 and 12.) Plaintiff's counsel and Defendant's counsel and client representative appeared for the conference. In violation of the court's Notice and Orders of April 22, 2014, and June 26, 2014, Plaintiff did not appear at the conference. The court then set a show cause hearing for August 7, 2014, and ordered Plaintiff and Plaintiff's counsel to appear. (Dkt. No. 15.) Neither appeared for the hearing. On July 29, 2014, Plaintiff's counsel filed a motion to withdraw, citing an inability to contact her client. (Dkt. No. 18.) On August 1, 2014, she filed a declaration in response to the show cause order. (Dkt. No. 19.) Defendant's counsel also filed a declaration. (Dkt. No. 20.)

**I.      Failure to Prosecute**

The district court has inherent power to manage its own docket and in the exercise

of that power may impose sanctions for failure to comply with court orders; this includes, where appropriate, dismissal of the case. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). The Ninth Circuit has established the following five factors to determine whether to dismiss a claim for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The public has an interest in expeditiously resolving litigation, which weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990)). Given Plaintiff's failure to pursue this case, the public interest factor weighs in favor of dismissal.

District courts must "manage their dockets without being subject to the endless vexatious noncompliance of litigants." *Ferdik*, 963 F.2d at 1261; *see Pagtalunan*, 291 F.3d at 642. Here, Plaintiff has failed to appear at a court-ordered conference, and then failed to appear at a hearing. The court has used its valuable time to try to get this case moving along. This is time the court could have devoted to other cases on the docket. This factor, too, weighs in favor of dismissal.

At this point, Defendant has not been invited to argue whether they have been prejudiced, but Defendant, like the public, has an interest in efficient resolution of this matter. Accordingly, this factor does not weigh against dismissal.

The Ninth Circuit has set forth a three-part analysis to determine whether a district court has properly exercised its discretion in determining that no less harsh sanction than dismissal is appropriate: (1) whether the court discussed the feasibility of less drastic sanctions and why those sanctions would be inappropriate; (2) whether the court previously implemented alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th

Cir. 1990). Here, lesser or alternate sanctions do not appear to be feasible because the Plaintiff appears to be simply unavailable to the court and to her counsel. Additionally, the court warned Plaintiff that she was in danger of being sanctioned. (Dkt. No. 15.) This Report and Recommendation serves as a direct warning to Plaintiff about the possibility of her case being dismissed. Accordingly, this factor weighs in favor of dismissal.

Finally, "[p]ublic policy favors disposition of cases on the merits." This factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Weighing these factors, the court concludes that dismissal of Plaintiff's case without prejudice for failure to prosecute is appropriate at this time. Based on Plaintiff's silence, the court is inclined to think that Plaintiff abandoned her case. This court, therefore, **RECOMMENDS** that the district judge **DISMISS** this case **without prejudice**.

## II.     Sanctions

Defendant's counsel and client representative traveled to San Diego to attend the conference, and Plaintiff did not appear. As a result, the court finds that sanctions are appropriate, and that Defendant should be reimbursed for the cost of the plane tickets. Although Plaintiff's counsel was in attendance at the Early Neutral Evaluation, it appears from the record in this case that she did not confirm the proposed conference date with her client before rescheduling the conference. (Dkt. Nos. 18-1 at 2; 20 at 2.) The last time they communicated was on June 18, 2014, and the parties jointly moved to continue the conference on June 25, 2014. (Dkt. No. 11.) Counsel also did not alert the court that she was having difficulty reaching her client prior to the day of the conference. The court finds that Plaintiff's counsel was also at fault for Defendant's unnecessary trip to San Diego, and therefore **RECOMMENDS** that Plaintiff and her counsel be sanctioned and directed to pay for the cost of the plane tickets for Defendant's counsel and client representative. Defendant's counsel shall file a declaration on or before **August 18, 2014**, attesting to the amount paid for the plane tickets.

### III.     Conclusion

Accordingly, for good cause shown, it is hereby **RECOMMENDED** that this matter be dismissed without prejudice for failure to prosecute, and that sanctions be imposed on Plaintiff and her counsel.  Plaintiff's counsel shall serve this Report and Recommendation on her client on or before **August 13, 2014.**

The court submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)  to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than **August 25, 2014,** any party to this action may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **September 1, 2014**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  **Plaintiff is advised failure to respond may result in the termination of her case**.

**IT IS SO ORDERED.**

DATED:  August 11, 2014

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court