# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY STAR,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>24 HOUR FITNESS USA, INC., and DOES 1-10, Inclusive,<br><br>　　　　　　Defendants. | CASE NO. 14-cv-550-H-NLS<br><br>**ORDER:**<br><br>**1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS CASE AND REIMBURSE DEFNDANT'S AIRFARE, and**<br>[Doc. No. 22]<br><br>**2) DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS MOOT**<br>[Doc. No. 18] |

On July 29, 2014, the law firm Potter Handy LLP, doing business as the Center for Disability Access, filed a motion to withdraw as counsel of record for Plaintiff. (Doc. No. 18.) On August 11, 2014, magistrate judge issued a report and recommendation that sanctions be imposed on Plaintiff and her counsel, and that the action be dismissed without prejudice for failure to prosecute. (Doc. No. 22.) A hearing on the motion to withdraw is currently scheduled for September 8, 2014 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not require oral argument. The Court

therefore vacates the scheduled hearing and submits the motion. The Court adopts the magistrate judge's report and recommendation, dismisses the action, and denies the motion to withdraw as moot.

**<u>Background</u>**

On March 11, 2014, Plaintiff Destiny Star filed a complaint against Defendant 24 Hour Fitness USA, Inc. alleging three causes of action: 1) discrimination under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; 2) discrimination under the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq.; and 3) violation of the California Disabled Persons Act, Cal. Civil Code §§ 54.1 et seq. (Doc. No. 1.) Defendant filed its answer on April 9, 2014. (Doc. No. 8.) Pursuant to Civil Local Rule 16.1(c), the magistrate judge scheduled the matter for an early neutral evaluation ("ENE") on July 10, 2014, at 2:30 p.m. and ordered that all parties and counsel must be present at the ENE in person. (See Doc. Nos. 10 & 12.) The order warned that failure to appear would be cause for imposition of sanctions. (Doc. No. 10 at 2.) Plaintiff's counsel, Defendant's counsel, and a representative for Defendant appeared for the conference, but Plaintiff did not appear. The magistrate judge ordered the parties to show cause why sanctions should not be imposed for failing to comply with the order. (Doc. No. 15.)

On July 29, 2014, Plaintiff's counsel filed a motion to withdraw, citing an inability to contact their client. (Doc. No. 18.) Plaintiff's counsel filed a response to the order to show cause on August 1, 2014, stating that Plaintiff's counsel made significant efforts to contact Plaintiff but were unsuccessful. (Doc. No. 19.) At the August 7, 2014 hearing on the order to show cause, Plaintiff and Plaintiff's counsel did not appear. (See Doc. No. 15 at 1.) As a result, the magistrate judge recommended that this matter be dismissed without prejudice for failure to prosecute, and that sanctions limited to the airfare reimbursement be imposed on Plaintiff and her counsel to reimburse Defendant for traveling to San Diego for the ENE. (Id. at 3.) The report and recommendation noted that Plaintiff's counsel did not alert the Court that they had not

been able to contact their client until the July 29, 2014 motion to withdraw. (Id. at 1.)

## Discussion

### I.     Monetary Sanctions against Plaintiff and Plaintiff's Counsel

The Court's local rules provide:

> Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

Civ. L.R. 83.1(a). Defendant's counsel and client representative traveled to San Diego to attend the ENE, and Plaintiff did not appear as ordered. As a result, the magistrate judge determined that Defendant should be reimbursed for the cost of the plane tickets it purchased to attend the ENE. (Doc. No. 22.) To date, neither party objected to the magistrate judge's recommendation. Plaintiff counsel's motion to withdraw informs the Court that they last communicated with Plaintiff on June 18, 2014. (Doc. No. 18 at 3.) But on June 25, 2014, the parties filed a joint motion to continue the ENE from July 1, 2014 to July 10, 2014, and the magistrate judge granted it on June 26, 2014. (Doc. Nos. 11 & 12.) As a result, Plaintiff's counsel did not communicate the new time to Plaintiff and should have known Plaintiff would not be in attendance. Defendant's expense attending the ENE could have been avoided if Plaintiff's counsel informed the Court that they were unable to contact Plaintiff to tell her when the ENE would be held.

In response to the order to show cause, Defendant filed a declaration on August 13, 2014 stating that it incurred $528 for airfare costs in connection with attending the ENE. (Doc. No. 23.) Accordingly, the Court adopts the magistrate judge's report and recommendation that Plaintiff and her counsel reimburse Defendant **$528**, the cost of the plane tickets for Defendant's counsel and client representative.

### II.    Want of Prosecution

The district court has inherent power to manage its own docket and may impose sanctions for failure to comply with court orders, including dismissal of the case.

Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); see also Civ. L.R. 83.1. In determining whether dismissal is an appropriate sanction, courts analyze a five-factor test:

> 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions.

Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)). Although it is a five-factor test, "the key factors are prejudice and availability of lesser sanctions." Wanderer, 910 F.2d at 656.

After careful consideration of the relevant test and the magistrate judge's report and recommendation, the Court adopts the recommendation of the magistrate judge. Plaintiff has failed to appear at a court-ordered ENE and a show cause hearing. The record establishes that Plaintiff's unavailability prejudiced Defendant. Defendant has twice been required to travel for hearings where the intended purpose was frustrated by Plaintiff's failure to appear. In light of Plaintiff's abandonment of her case and her noncompliance with Court orders, dismissal without prejudice is warranted.

The Court considered lesser sanctions. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (requiring "a three-part analysis . . . : (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?"). Plaintiff's unavailability to her counsel and to the Court make lesser sanctions unlikely to be productive. Additionally, the magistrate judge warned Plaintiff that she was in danger of being sanctioned. (Doc. No. 15.) Accordingly, this factor weighs in favor of dismissal without prejudice for failure to prosecute.

///

///

### III. Motion to Withdraw

An attorney of record may not withdraw as counsel except by leave of court. Kassab v. San Diego Police Dep't, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008); Hoffman v. United States, 2007 WL 3037463, at *1 (S.D. Cal. Oct. 16, 2007); see Rule 3-700(A)(1) of the California Rules of Professional Conduct. The decision to grant a motion to withdraw is left to the sound discretion of the district court. United States v. Lundstrom, 291 Fed. Appx. 76, 77 (9th Cir. 2008); Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). In exercising its discretion, courts consider the following factors:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

Beard v. Shuttermart of Cal., 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). After consideration of the relevant factors, the Court exercises its discretion and denies the motion as moot in light of its decision to dismiss the case without prejudice.

### Conclusion

The Court adopts the report and recommendation of the magistrate judge and orders Plaintiff and her counsel to pay **$528** to reimburse Defendant for airfare incurred in attending the court-ordered hearings. Additionally, the Court dismisses Plaintiff's case without prejudice for failure to prosecute. The Court denies Plaintiff's counsel's motion to withdraw as moot.

**IT IS SO ORDERED.**

DATED: August 28, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT